# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **ELECTROPLATED METAL SOLUTIONS, INC.,** <br><br> Plaintiff, <br><br> v. <br><br> **AMERICAN SERVICES, INC., d/b/a AMERICAN RIGGERS; TWO BROTHERS TRUCKING, INC.; and MIELEC EXPRESS, INC., d/b/a MIELEC TRANSPORT, INC.,** <br><br> Defendants. | **Case No. 07 C 409** <br><br> **Hon. Harry D. Leinenweber** |

## MEMORANDUM OPINION AND ORDER

Plaintiff Electroplated Metal Solutions, Inc. (hereinafter, "Plaintiff"), brings this action under 49 U.S.C. § 14706 (the "Carmack Amendment") and related common law causes of action seeking recovery for damage allegedly sustained to industrial machinery that the defendants handled and shipped for Plaintiff. Defendant American Services, Inc., d/b/a American Riggers (hereinafter, "American"), has moved to dismiss the counts against it pursuant to Federal Rule of Civil Procedure 12(b)(3), or in the alternative, to transfer the action under 28 U.S.C. § 1404(a). For the reasons that follow, American's Motion is **denied**.

### I. BACKGROUND

The Court derives the following factual summary from the pleadings, including all attached documents. The Court resolves

all reasonable inferences and factual conflicts in Plaintiff's favor.

The parties to this case each played a role in a commercial arrangement to ship machinery owned by Plaintiff from Costa Mesa, California, to Elk Grove Village, Illinois. Plaintiff is a metal fabrication company based in Illinois. Defendant Two Brothers Trucking, Inc. (hereinafter, "Two Brothers"), is a California-based company that moves goods for hire. Defendant Mielec Express, Inc. (hereinafter, "Mielec"), also moves goods for hire but is based in Illinois. American is a Nevada rigging and machinery moving corporation with its principal place of business in California.

Two Brothers' and Mielec's roles in the transaction underlying this dispute exclusively involved transportation of the machinery in question; American's role was to load and secure, *i.e.*, "rig" the machinery prior to transport. Plaintiff initially contracted only with Two Brothers, and they memorialized their agreement in an invoice. Plaintiff later hired American after Two Brothers recommended American as a rigger for the job, and American submitted a bid letter to Plaintiff. Finally, unbeknownst to Plaintiff, Two Brothers subcontracted out the actual carriage of the machinery to Mielec.

American prepared a work order for its portion of the job. The back side of the work order contained a detailed "Terms and Conditions" section, which included a forum selection clause requiring any suit relating to American's performance to be brought

in California.  When the machinery arrived in Illinois, Plaintiff reviewed the American work order but was apparently provided with a copy of that document that did not contain the back page with the "Terms and Conditions" section.  The full work order was, however, signed by a representative from Mielec at the time the machinery was loaded.

Because the machinery had been damaged at some point while in the Defendants' care, Plaintiff refused acceptance of when it arrived in Illinois.  This action ensued.

## II.  **DISCUSSION**

American believes that this action must be brought, if anywhere, in California.  American primarily contends that under Federal Rule of Civil Procedure 12(b)(3) the forum selection clause on the back side of its work order requires dismissal of any action brought outside of California. Alternatively, American argues that even if venue is proper in the Northern District of Illinois, this Court should transfer this case to a federal district court in California pursuant to 28 U.S.C. § 1404(a).

### A.  Rule 12(b)(3)

On a motion to dismiss for improper venue under Rule 12(b)(3), the plaintiff bears the burden of establishing that the venue it has chosen is proper.  *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 18 (1972).  In resolving the issue, the Court must take all allegations in the complaint as true, and although the Court may examine facts outside the complaint, the Court must resolve all

factual conflicts and draw all reasonable inferences in the plaintiff's favor. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987).

A faithful application of these standards counsels denial of American's Rule 12(b)(3) motion because, based on the pleadings, Plaintiff did not receive reasonable notice of American's forum selection clause, and Plaintiff's chosen venue is proper on its own. Although a strong presumption of enforceability attaches to forum selection clauses, *see M/S Bremen,* 407 U.S. at 15, "[t]he legal effect of a forum-selection clause depends in the first instance upon whether its existence was reasonably communicated to the plaintiff," *Effron v. Sun Line Cruises, Inc.*, 67 F.3d 7, 9 (2d Cir. 1995) (citation omitted). *See also, Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 590 (1991) (upholding forum selection clause but noting absence of dispute over issue of notice). Taking Plaintiff's allegations as true and resolving factual conflicts in Plaintiff's favor, Plaintiff never had the opportunity to review – indeed was never even aware of – the terms on the back side of the work order. Plaintiff was only presented with the bid letter and the front side of the work order, neither of which addressed forum selection. Nor did the front side of the work order indicate that additional terms applied or where any such terms might be listed. In short, Plaintiff never received any notice, reasonable or otherwise, of the forum selection clause and thus cannot have its rights restricted by that clause.

American argues that, even if Plaintiff never received the reverse side of the work order, it is bound to the terms therein because the work order was signed by Mielec, which was acting as Plaintiff's agent. Again, resolving all factual disputes in Plaintiff's favor, the Court must reject this argument. The traditional indicia of agency, a fiduciary relationship and effective control by the principal, do not exist in Plaintiff's relationship with Mielec. *Compare with Norfolk Southern Railway Co. v. Kirby*, 543 U.S. 14, 34 (2004) (holding in common carrier context that "intermediaries, entrusted with goods, are 'agents' only in their ability to contract for liability limitations with carriers downstream"). Indeed, according to the pleadings, Plaintiff was not even aware of Mielec's existence until Mielec delivered Plaintiff's machinery. Further, nothing in the record indicates that Plaintiff granted Two Brothers the authority to enlist Mielec as an agent of Plaintiff's.

The only case American has provided to support its agency claim, *Marohn v. Burnham Van Services, Inc.*, 478 F.Supp. 49 (1979), is inapposite. First, the parties in *Marohn*, unlike the parties here, did not dispute the underlying question of agency – they contested only the extent of the agent's authority. *See id.* at 51. Second, *Marohn* involved an intermediary-agent's ability to bind a shipper-principal to a liability limitation, not to a forum selection clause, and the *Marohn* court grounded its analysis in the Carmack Amendment's specific provisions regarding a carrier's

ability to limit liability.  *Id.* at 51-52.  The Carmack Amendment provides no guidance, by contrast, regarding a carrier's or other intermediary's ability to limit a shipper's choice of litigation forum.

American additionally argues that since Plaintiff is suing American for breach of contract in part based on the work order, it would be inequitable to allow Plaintiff to claim that it is not bound by the forum selection clause in that document.  The Court agrees with American's general sentiment but thinks American has overstated the reach of Plaintiff's claims.  Obviously, Plaintiff cannot have its cake and eat it too by claiming that American breached the terms on the back of the work order while simultaneously claiming not to be bound by the forum selection clause term on that same sheet.  But Plaintiff has not alleged a contract based on the terms on the back of the work order.  Instead, Plaintiff alleges a contract based on the bid letter American sent directly to Plaintiff and on the work order document that Plaintiff received at delivery, which according to the pleadings did not contain a back page.  The Court finds nothing inequitable in Plaintiff's attempt to prove a contract through those documents that it actually received.

Finally, Plaintiff's chosen venue, the Northern District of Illinois, is proper on its own.  In a case such as this, which asserts federal question and supplemental jurisdiction, venue is proper in "a judicial district in which . . . a substantial part of

the events or omissions giving rise to the claim occurred. . . ." 28 U.S.C. § 1391(b)(2). Under this test, it is not necessary that the chosen forum be the venue with the strongest contacts with the events underlying suit – its connection to those events need only be "substantial." *See, Faur v. Sirius Intern. Ins. Corp.*, 391 F.Supp.2d 650, 656 (N.D. Ill. 2005). Plaintiff's part in the transaction, which includes negotiations and the refusal of delivery, transpired in the Northern District of Illinois. Additionally, two of the defendants directed correspondence to Plaintiff in this district, and the machinery remains here. The Court finds these circumstances to be "substantial" enough to make this district a proper venue under Section 1391(b)(2).

## B. 28 U.S.C. 1404(a) Transfer

In the absence of a Rule 12(b)(3) dismissal, American seeks a transfer of this case pursuant to 28 U.S.C. § 1404(a). That section provides that "[f]or the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In order to win transfer under Section 1404(a), American must establish*, inter alia*, that transfer would serve the convenience of the parties, the convenience of the witnesses, and the interests of justice. *Vandeveld v. Christoph,* 877 F.Supp. 1160, 1167 (N.D. Ill. 1995). Among the factors bearing on this inquiry are the plaintiff's choice of forum, the locations of the material events, the relative

ease of access to sources of proof, the convenience of the parties, and the convenience of the witnesses. *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F.Supp.2d 958, 960 (N.D. Ill. 2000). American additionally bears the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-220 (7th Cir.1986).

Upon weighing the above factors, the Court concludes that American has failed to meet its burden of showing that California would be a clearly more convenient forum than this district. Events material to this dispute occurred in both fora. The machinery originated in California, was loaded there, and was transported from there. Additionally, Two Brothers hired Mielec there, and Mielec signed the American work order there. At the same time, Plaintiff received American's bid letter and work order in Illinois, and delivery occurred here.

The parties and potential sources of proof, including witnesses, reside in both fora. The machinery in question is currently in Illinois. Plaintiff and Defendant Mielec are based in Illinois, and their employees and documents are presumably also there. Defendants Two Brothers and American, on the other hand, principally conduct business in California, and their employees and documents are presumably all in that state.

In sum, each potential forum presents some inconvenience. But, "[t]ransfer is inappropriate if it merely transforms an

inconvenience for one party into an inconvenience for another party." *Vandeveld*, 877 F.Supp. at 1167 (internal quotation omitted). American argues that trial in this district would be inconvenient for it and for Two Brothers but fails to acknowledge that trial in California would be inconvenient for Plaintiff and Mielec. Especially in light of the deference normally accorded to a plaintiff's choice of forum, *see id.*, this Court concludes that transfer in this case would do nothing but shift the burden of inconvenience and would thus would be inappropriate under Section 1404(a).

### III. CONCLUSION

For the reasons stated herein, American's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, to transfer this case pursuant to 28 U.S.C. § 1404(a) is **denied.**

**IT IS SO ORDERED.**

                                                            Harry D. Leinenweber, Judge
                                                            United States District Court

**DATE:** June 18, 2007