**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **ELECTROPLATED METAL SOLUTIONS, INC.,** | |
| Plaintiff, | |
| v. | **Case No. 07 C 409** |
| **AMERICAN SERVICES, INC., d/b/a AMERICAN RIGGERS, TWO BROTHERS TRUCKING, INC., and MIELEC EXPRESS, INC., d/b/a MIELEC TRANSPORT, INC.,** | **Hon. Harry D. Leinenweber** |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Electroplated Metal Solutions, Inc. (hereinafter, "EMS") seeks recovery against the Defendants for damage sustained to industrial machinery during its transport from California to Illinois. Defendant Two Brothers Trucking, Inc. (hereinafter, "Two Brothers") was previously dismissed from this case in a ruling dated December 4, 2007. EMS now seeks leave to file an amended complaint, adding breach of contract and negligence claims against Two Brothers. For the reasons stated below, Plaintiff's Motion for Leave to File an Amended Complaint **is granted**.

### I. FACTS

The Court derives the following facts from the pleadings, resolving all reasonable inferences and factual conflicts in

Plaintiff's favor.  *See, McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006).

The Plaintiff, EMS, is a metal fabrication company based in Illinois.  On or about July 6, 2006, EMS contracted with Two Brothers for the transport of machinery from Costa Mesa, California to Elk Grove Village, Illinois.  Two Brothers subsequently engaged American Riggers to prepare and load the machinery and Mielec Express to transport it to Illinois.  On or about July 11, 2006, the machinery arrived in Illinois in damaged condition and EMS refused acceptance of the machinery.  This suit followed.

Defendant Two Brothers is a California corporation with its sole office in that state.  It has no offices in the state of Illinois and none of its employees reside here.  Acting as a broker, Two Brothers performs all of its work at its office in California, receiving requests, providing quotes, and arranging transportation through the use of phone, fax, e-mail, and internet advertising.  Two Brothers advertises that it is able to provide service in "all forty-eight states."  Arrangement of carriage to or from Illinois makes up less than five percent of Two Brothers' business.

## II.  ANALYSIS

Federal Rule of Civil Procedure 15(a) states that leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  *See also, Foman v. Davis,* 371 U.S. 178, 182 (1962)

(leave should be granted absent undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility). The Court need not grant leave to amend, however, if an examination of the proposed complaint "makes clear that it does not cure the deficiencies of the original pleading and the amended complaint is doomed not to survive a motion to dismiss." *Duda v. Board of Educ. of Franklin Park Public School Dist. No. 84,* 133 F.3d 1054, 1057 n.4 (7th Cir. 1998). But the burden on the objecting party to show futility is "substantial." *Acme Printing Ink Co. v. Menard, Inc.,* 881 F.Supp. 1237, 1243 (E.D. Wis. 1995). Leave to amend should be refused "only if it appears to a certainty that plaintiff cannot state a claim." *Barry Aviation Inc. v. Land O'Lakes Municipal Airport Com'n,* 377 F.3d 682, 687 (7th Cir. 2004) (collecting cases).

Defendant Two Brothers opposes the motion to amend, arguing that allowing the amended complaint would be futile for two reasons: (1) EMS's proposed amended complaint fails to state a claim; and (2) Two Brothers is not subject to personal jurisdiction in this district.

### A. Failure to State a Claim

In asserting that the amended complaint fails to state a claim, Two Brothers makes two major arguments: (1) that state law claims for damage to machinery during interstate transport are preempted by the Carmack Amendment; and (2) that any duties Two

Brothers may have owed EMS are set solely by law and that Two Brothers fulfilled those duties. In reviewing the claim of futility, the Court applies a standard similar to that which governs motions to dismiss under Rule 12(b)(6). *See General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997). Thus, EMS's amended complaint need only suggest a plausible right to relief and describe the claim in sufficient detail to give the defendant fair notice of the claim and its basis. *See E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773 (7th Cir. 2007).

### 1. *Carmack Preemption*

Because of the pervasive regulation over the conduct and liability of motor carriers, the Carmack Amendment has been held to preempt state law actions against carriers. *See Adams Express Co. v. Croninger*, 226 U.S. 491, 505-06 (1913); *Reider v. Thompson*, 339 U.S. 113, 119 (1950). Contrary to the extensive regulation of motor carriers, however, the Interstate Commerce Act imposes relatively few duties upon brokers and makes no equivalent grant of liability. This silence as to liability should not be construed as an implicit grant of immunity to brokers. *See Custom Cartage, Inc. v. Motorola, Inc.*, 1999 WL 89563 * 3 (N.D. Ill. 1999) ("The Carmack Amendment streamlines and simplifies suits against carriers and freight forwarders. It does not exempt brokers from paying for their own negligence or prevent them from entering into contracts

with shippers."). Rather, the relative scarcity of regulation over brokers counsels for the allowance of state law causes of action, rather than demonstrating that such claims should be preempted. *See DeHart v. Town of Austin, Inc.*, 39 F.3d 718, 721 (7th Cir. 1994) (inferring preemption only when "a pervasive scheme of federal regulation makes it reasonable to conclude that Congress intended exclusive federal regulation of the area"). The Court, therefore, finds Two Brothers' claim of preemption to be unpersuasive and will not dismiss the amended complaint on this ground.

### *2. Whether Duties Are Set Solely by Law*

Two Brothers argues that "any contract that EMS can allege and did allege shows terms that are governed solely by statute and by regulation." *See* Two Brothers' Response at 3. To the extent that Two Brothers is arguing that federal law and regulations provide the sole and exclusive duties of transportation broker contracts, we find that position to be without adequate support. Neither the express terms of the statutes cited by Two Brothers nor the relative scarcity of regulation over brokers warrants the conclusion that they are incapable of being supplemented by state law. To the extent that Two Brothers is instead arguing that the parties never actually agreed to any terms or duties beyond those provided by law that is an argument of fact which is not appropriate at the stage of a motion to dismiss, and certainly not

at the stage of a motion for leave to amend.  *See Walker v. Gibson*, 604 F.Supp. 916, 920 (N.D. Ill. 1985).  Similarly, the claim by Two Brothers that it sufficiently complied with any duties it had by verifying Mielec Express's registration as a motor carrier is also a question of fact which has been raised prematurely.

Considering next what EMS **did** allege, the amended complaint clearly claims additional duties beyond the statutory provisions identified by Two Brothers.  Count I, ¶ 18 flatly alleges that Two Brothers owed EMS "a duty to use reasonable care in the scheduling, arranging, preparing, and brokering the transportation of the machinery."  Count V, ¶ 17 further alleges that Two Brothers breached the terms of the contract by failing to ensure delivery without damage, failing to arrange for a competent carrier, failing to verify adequate insurance coverage, and failing to otherwise use reasonable care.  Although not as clear and direct as the negligence claim, the breach of contract count does at least imply that the contract between EMS and Two Brothers included provisions to guard against the above alleged failures.  Under a Rule 12(b)(6) standard, these allegations are enough. *See Mescall v. Burrus*, 603 F.2d 1266, 1269 (7th Cir. 1979) (the complaint may make allegations concerning the material elements either directly or inferentially). The amended complaint clearly alleges sufficient facts to allow the Court and the defendant to "understand the gravamen of the plaintiff's complaint." *Doherty v. City of Chicago*, 75 F.3d 318,

326 (7th Cir. 1996). Therefore, the Court will not refuse to allow Plaintiff's amended complaint on the basis that it fails to state a claim.

## B. Personal Jurisdiction

Under the catch-all provision of the Illinois Long-Arm Statute, if both federal and state due process requirements for personal jurisdiction are met, the state long-arm statute is satisfied and no other inquiry is required. *See Keller v. Henderson*, 834 N.E.2d 930, 935 (Ill. App. Ct. 2005). *See also,* 735 ILCS 5/2-209© (permitting jurisdiction "on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States"). Since Illinois courts have yet to elucidate a situation in which state and federal due process guarantees diverge, the two inquiries essentially collapse into the single question of whether exercising personal jurisdiction comports with federal due process. *See U.S. Gypsum Co. v. LaFarge North America, Inc.*, 508 F.Supp.2d 601, 642 (N.D. Ill. 2007).

In determining whether the demands of federal due process permit the exercise of personal jurisdiction over a defendant, the court is guided by the fundamental inquiry into whether the defendant has such "minimum contacts" with the forum state that exercising jurisdiction does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement*,

326 U.S. 310, 316 (1945). In determining whether a defendant has such minimum contacts, a court looks to whether the defendant "purposefully directed" his activities toward the forum state, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985), and whether suit in the forum state was foreseeable -, *i.e.*, whether the defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). The overall standard for determining whether to exercise personal jurisdiction is a flexible one which emphasizes the reasonablesss of subjecting a defendant to suit in a foreign jurisdiction. *See, Sears Bank & Trust Co. v. Luckman*, 377 N.E.2d 1156, 1159 (Ill. App. Ct. 1978).

In a strikingly similar case to the facts presented here, the District Court in *Brandi v. Belger Cartage Service, Inc.* found that a nonresident transportation broker was subject to personal jurisdiction in Kansas where that broker occasionally arranged for the shipment of freight to, from, and through the state of Kansas. *See, Brandi v. Belger Cartage Service, Inc.*, 842 F.Supp. 1337, 1342 (D. Kan. 1994). In that case, the broker had no offices or property in the forum state, did not advertise in the forum state, and did not initiate the contract in question. *See id.* at 1340. Focusing on just the single transaction at issue, the District Court found that arranging for the transport of goods **through** Kansas was a sufficient minimum contact with the forum state to

allow the defendant to reasonably foresee the possibility of being haled into court there. *See id.* at 1341-42. Such contacts were sufficient given the unique nature of the transportation brokering business. To require more would "tend to immunize from suit . . . in any but their home jurisdiction, those engaged in nationwide commercial activity in other jurisdictions primarily by telephone or through the mails." *See id.* at 1342 (quoting *Mississippi Interstate Exp., Inc. v. Transpo, Inc.*, 681 F.2d 1003, 1010 (5th Cir. 1982)).

Reviewing the facts of this case, the Court finds that Defendant Two Brothers has purposefully availed itself of the Illinois motor carriage market. It has arranged transportation to or from the state of Illinois on a number of occasions, and such arrangements constitute up to five percent of Two Brothers' business. This is not a case in which the Defendant has attempted to avoid any use of or connection to markets outside of the state in which it resides. *Cf. Buxton v. Wyland Galleries Hawaii*, 657 N.E.2d 708, 711 (Ill. App. Ct. 1995) ("Defendant appears to have done everything possible to confine its business to its home state of Hawaii during this transaction and never had any other dealings with Illinois whatsoever. It only shipped goods to Illinois on this isolated occasion for the convenience of plaintiffs"). Rather, Two Brothers advertises that it is able to provide service in "all forty-eight states." In the particular transaction at

issue, Two Brothers knew that it was contracting with an Illinois corporation, using the services of an Illinois carrier, and arranging for transportation to an Illinois location. It is hard to imagine a situation in which an out-of-state broker could have been more connected to the forum. Taken together, the facts demonstrate that Two Brothers should have reasonably anticipated being haled into court in the state of Illinois.

In determining whether exercising jurisdiction comports with "traditional notions of fair play and substantial justice," the Court considers the following five factors to determine whether it is reasonable to require the defendant to litigate in the forum state: (1) the burden on the defendant of defending in the forum state; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the action; and (5) the shared interests of the several states in advancing fundamental social policies. *See World-Wide Volkswagen*, 444 U.S. at 292. Once it has been established that a defendant has purposely directed his activities at the forum state, the defendant must present a compelling case that jurisdiction there would be unreasonable. *See Burger King*, 471 U.S. at 477.

In this case, the Plaintiff has a strong interest in obtaining effective relief and the state of Illinois has a "manifest

interest" in providing one of its corporations a forum in which to seek that relief. *Burger King*, 471 U.S. at 473. As indicated in the earlier order of June 18, 2007, regarding Defendant American Riggers' motion to change venue, this Court is able to efficiently hear this action. Further, there is a social interest in preventing a broker of nationwide service from immunizing itself from suit in all but its home jurisdiction. *Cf. Viktron Ltd. Partnership v. Program Data Inc.,* 759 N.E.2d 186, 199 (Ill. App. Ct. 2001). Defendant Two Brothers has not demonstrated, and this Court does not find, that the burden of defending in Illinois is substantial enough to outweigh the otherwise strong interests allowing for jurisdiction in Illinois. Therefore, the exercise of jurisdiction over Defendant Two Brothers is appropriate under the federal Due Process clause, and Two Brothers' arguments to the contrary are denied.

### III. CONCLUSION

For the reasons stated herein, Plaintiff Electroplated Metal Solution, Inc.'s Motion for Leave to File an Amended Complaint is **GRANTED**.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

**DATE:** February 7, 2008