IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Electroplated Metal Solutions, Inc. )<br><br>Plaintiff, )<br><br>v. )<br><br>American Services, Inc., d/b/a American Riggers, )<br>Two Brothers Trucking, Inc., and )<br>Mielec Express, Inc., d/b/a Mielec Transport, Inc. )<br><br>Defendants. ) | Case No. 07 C 0409 |

**AMENDED COMPLAINT**

NOW COMES the Plaintiff, Electroplated Metal Solutions, Inc., by and through its attorney, Richard J. Arendt, and for its Amended Complaint against Defendants, American Services, Inc., d/b/a American Riggers, Two Brothers Trucking, Inc., and Mielec Express, Inc., d/b/a Mielec Transport, Inc., states as follows:

**JURISDICTION**

1. This is an action involving property damaged during shipment in interstate commerce and jurisdiction is premised upon 49 U.S.C. §14706 and 28 U.S.C. §1337. Venue is proper pursuant to 49 U.S.C. §14706(d). The amount in controversy exceeds Ten Thousand Dollars ($10,000.00) exclusive of interest and costs pursuant to 28 U.S.C. §1337. This Court has original jurisdiction pursuant to 28 U.S.C. §1331 and jurisdiction pursuant to 28 U.S.C. §1367(a), Supplemental Jurisdiction, since Plaintiff's claim against American Services, Inc., d/b/a American Riggers and Two Brothers Trucking, Inc., is related to Plaintiff's claim against Mielec Express, Inc., d/b/a Mielec Transport, Inc., pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337, in that it forms a part of the same case in controversy.

1

## PARTIES

2.  Plaintiff, Electroplated Metal Solutions, Inc., is an Illinois Corporation with its principal place of business of Elk Grove Village, Illinois (hereinafter referred to as "EMS"). EMS is in the business of metal fabrication.

3.  Defendant, American Services, Inc., d/b/a American Riggers is a Nevada corporation qualified to do business in California with its principal place of business in Monrovia, California (hereinafter referred to as "American Riggers"). American Riggers is in the business of rigging and machinery moving.

4.  Defendant, Two Brothers Trucking, Inc., is a California corporation with its principal place of business in Dublin, California (hereinafter referred to as "Two Brothers Trucking"). At all times, Defendant, Two Brothers Trucking was a transportation broker.

5.  Defendant, Mielec Express, Inc., d/b/a Mielec Transport, Inc., is an Illinois corporation with its principal place of business in Addison, Illinois (hereinafter referred to as "Mielec Express"). At all times, Defendant, Mielec Express was in the business of moving goods for hire.

6.  At all times relevant hereto, Plaintiff, EMS, was the owner of certain property more fully described on Exhibit A attached, hereto (the "Machinery").

7.  On or about July 6, 2006, Plaintiff, EMS entered into a contract with Two Brothers Trucking for the transport of the Machinery from Costa Mesa, California, to EMS's principal office in Elk Grove Village, Illinois. The agreement is memorialized by Two Brothers Trucking's Invoice Number 101793 delivered to EMS. A copy of the Invoice is attached hereto as Exhibit B.

8.  Two Brothers Trucking recommended that American Riggers be engaged to prepare and load the machinery for transport from Costa Mesa, California to Elk Grove Village, Illinois.

9.  EMS engaged American Riggers to prepare and load the Machinery for transport from Costa Mesa, California, to EMS's principal office in Elk Grove Village, Illinois. The terms and conditions of the agreement between American Riggers and EMS is more fully set forth on the Bid Letter and Work Order attached hereto as Group Exhibit C.

10.  Upon information and belief, Two Brothers Trucking engaged the services of Mielec Express as its agent or independent contractor to transport the Machinery from Costa Mesa, California to Elk Grove Village, Illinois.

11.  Two Brothers Trucking submitted itself to the jurisdiction of the State of Illinois by one of more of the following acts:

(a)  Contracting with EMS, an Illinois corporation;

(b)  Directing its Invoice to EMS's principal place of business located in the State of Illinois;

(c)  Advertising its services on the Internet as "able to provide service in all forty-eight states";

(d)  As a broker contracting with Mielec Express, an Illinois corporation for transportation of the Machinery to the State of Illinois;

(e)  Otherwise acting with respect to Machinery which it knew was destined for the State of Illinois; and,

12.  On or about July 6, 2006, American Riggers prepared and loaded the Machinery onto motor vehicles owned, maintained, and/or operated by Mielec Express.

13.  The Machinery was delivered to Mielec Express, in good condition.

14.  On or about July 11, 2006, the Machinery arrived in Elk Grove Village, Illinois in damaged condition.

15.  Plaintiff refused acceptance of the Machinery since it was in damaged condition.

16.  At all times after the refusal of acceptance by Plaintiff, Defendant, Mielec Express, maintained sole and exclusive control and possession of the Machinery and had an affirmative duty to maintain, protect, store, and warehouse the Machinery in a reasonably secure manner to avoid additional damage to the Machinery.

## COUNT I  - TWO BROTHERS TRUCKING, INC.
### NEGLIGENCE

1-16.  Plaintiff realleges and incorporates Paragraphs 1-16 of the Complaint as if fully set forth herein.

17.  Defendant, Two Brothers Trucking owed Plaintiff, EMS, a duty to use reasonable care in the scheduling, arranging, preparing, and brokering the transportation of the Machinery from Costa Mesa, California to Elk Grove Village, Illinois, pursuant to the terms of the Invoice attached hereto as Exhibit B.

18.  Defendant, Two Brothers Trucking, breached its aforesaid duty in one or more of the following ways:

(a)    Two Brothers Trucking failed to ensure that the Machinery arrived at its intended destination without damage;

(b)    Two Brothers Trucking failed to arrange for a carrier to transport the Machinery from Costa Mesa, California to Elk Grove Village, Illinois that was a competent carrier to transport the Machinery;

(c)    Two Brothers Trucking failed to verify that the selected carrier had adequate insurance coverage to cover the value of the Machinery; and,

(d)    Two Brothers Trucking otherwise failed to use reasonable care under the circumstances for the delivery of the Machinery.

19.  As a direct and proximate result of the aforesaid negligent acts and omissions of Defendant, Two Brothers, Plaintiff, EMS, sustained actual damage in the amount of One Hundred Thousand Seven Hundred Forty Dollars ($100,740.00).

WHEREFORE, Plaintiff, Electroplated Metal Solutions, Inc., prays for judgment against Defendant, Two Brothers Trucking, Inc., in the amount of One Hundred Thousand Seven Hundred Forty Dollars ($100,740.00), plus interest, attorneys fees and costs of litigation, and any further relief this Court may deem just and necessary.

## COUNT II  - MIELEC EXPRESS, INC., d/b/a MIELEC TRANSPORT, INC.
### CARMACK AMENDMENT CLAIM

1-16.  Plaintiff realleges and incorporates Paragraphs 1-16 of the Complaint as if fully set forth herein.

17.  At all relevant times, the Interstate Commerce Act 49 U.S.C. §14706 provides, in pertinent part (the Carmack Amendment), as follows:

4

(a) General liability-

(1) **Motor Carriers and freight forwarders.** A carrier providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier and any other carrier that delivers the property and is providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 or chapter 105 are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier whose line or route the property is transported in the United States or from a place in the United States to a place in an adjacent foreign country when transported under a through bill of lading and, except in the case of a freight forwarder, applies to property reconsigned or diverted under a tariff under section 13702. Failure to issue a receipt or bill of lading does not affect the liability of a carrier. A delivering carrier is deemed to be the carrier performing the line-haul transportation nearest the destination but does not include a carrier providing only a switching service at the destination.

18. At all relevant times, Mielec Express was acting as a motor carrier and/or freight forwarder, as defined by the Interstate Commerce Act.

19. Mielec Express was the initiating carrier, the delivery carrier and/or the carrier on whose line the loss of the subject shipment occurred pursuant to 49 U.S.C. §14706(a).

20. The damage to the Machinery occurred while the Machinery was under the control of Mielec Express.

21. Since Mielec Express failed to deliver the Machinery to Plaintiff's principal office in Elk Grove Village, Illinois in the same good order and condition as when Mielec Express received the shipment, Mielec Express is liable to EMS pursuant to the Carmack Amendment.

22. Due to Mielec Express's failure to deliver the Machinery in the same and good condition as when received by Mielec Express , Plaintiff, EMS, suffered actual damage in the amount of One Hundred Thousand Seven Hundred Forty Dollars ($100,740.00).

WHEREFORE, Plaintiff, Electroplated Metal Solutions, Inc., prays for judgment against Defendant, Mielec Express, Inc., d/b/a Mielec Transport, Inc., in the amount of One Hundred Thousand Seven Hundred Forty Dollars ($100,740.00), plus interest, attorneys fees and costs of litigation, and any further relief this Court may deem just and necessary.

5

### COUNT III - AMERICAN SERVICES, INC., d/b/a AMERICAN RIGGERS
### NEGLIGENCE

1-16. Plaintiff realleges and incorporates Paragraphs 1-16 of the Complaint as if fully set forth herein.

17. Defendant, American Riggers, owed Plaintiff, EMS, a duty to use reasonable care in the scheduling, arranging, preparing and loading of the Machinery for transport Costa Mesa, California, to Elk Grove Village, Illinois, pursuant to the terms of the Bid Letter and Work Order attached hereto at Group Exhibit C.

18. Defendant, American Riggers, and/or its employees, servants and/or agents, breached its aforesaid duty in one or more of the following ways:

    (a)    American Riggers failed to properly load the Machinery;

    (b)    American Riggers failed to secure the Machinery so as to avoid damage while in transit;

    (c)    Otherwise failed to use reasonable care under the circumstances for the delivery of the Machinery.

19. As a direct and proximate result of the aforesaid negligent acts and omissions of Defendant, American Riggers, Plaintiff, EMS, sustained actual damages in the amount of One Hundred Thousand Seven Hundred Forty Dollars ($100,740.00).

WHEREFORE, Plaintiff, Electroplated Metal Solutions, Inc., prays that this Court enter judgment on its behalf and against Defendant, American Services, Inc., d/b/a American Riggers for One Hundred Thousand Seven Hundred Forty Dollars ($100,740.00), plus interest, attorneys' fees and costs of litigation, and any further relief as the Court deems just and necessary.

### COUNT IV - AMERICAN SERVICES, INC., d/b/a AMERICAN RIGGERS
### BREACH OF CONTRACT

1-16. Plaintiff realleges and incorporates Paragraphs 1-16 of the Complaint as if fully set forth herein.

17. Defendant, American Riggers, breached the contract for the scheduling, arranging, preparing and loading of the Machinery from Costa Mesa, California, to Elk Grove Village, Illinois, pursuant to the terms of the Bid Letter and Work Order attached hereto at Group Exhibit C:

(a)     American Riggers failed to properly load the Machinery;

(b)     American Riggers failed to secure the Machinery so as to avoid damage while in transit;

(c)     American Riggers failed to deliver the Machinery to EMS in the same condition as when loaded by American Riggers.

18. As a direct and proximate result of the aforesaid breach of contract by Defendant, American Riggers, Plaintiff, EMS, sustained actual damages in the amount of One Hundred Thousand Seven Hundred Forty Dollars ($100,740.00).

WHEREFORE, Plaintiff, Electroplated Metal Solutions, Inc., prays that this Court enter judgment on its behalf and against Defendant, American Services, Inc., d/b/a American Riggers for One Hundred Thousand Seven Hundred Forty Dollars ($100,740.00), plus interest, attorneys' fees and costs of litigation, and any further relief as the Court deems just and necessary.

## COUNT V - TWO BROTHERS TRUCKING, INC.
## BREACH OF CONTRACT

1-16. Plaintiff realleges and incorporates Paragraphs 1-16 of the Complaint as if fully set forth herein.

17. Defendant, Two Brothers Trucking, breached the Contract for the scheduling and delivery of the Machinery from Costa Mesa, California, to Elk Grove Village, Illinois, pursuant to the terms of the Invoice attached hereto as Exhibit A, in one or more of the following ways:

(a)     Two Brothers Trucking failed to ensure that the Machinery arrived at its intended destination without damage;

(b)     Two Brothers Trucking failed to arrange for a carrier to transport the Machinery from Costa Mesa, California to Elk Grove Village, Illinois that was a competent carrier to transport the Machinery;

(c)     Two Brothers Trucking failed to verify that the selected carrier had adequate insurance coverage to cover the value of the Machinery; and,

(d)     Two Brothers Trucking otherwise failed to use reasonable care under the circumstances for the delivery of the Machinery.

18.  As a direct and proximate result of the aforesaid breach of contract by Defendant, Two Brothers Trucking, Plaintiff, EMS, sustained actual damage in the amount of One Hundred Thousand Seven Hundred Forty Dollars ($100,740.00).

WHEREFORE, Plaintiff, Electroplated Metal Solutions, Inc., prays for judgment against Defendant, Two Brothers Trucking, Inc., in the amount of One Hundred Thousand Seven Hundred Forty Dollars ($100,740.00), plus interest, attorneys fees and costs of litigation, and any further relief this Court may deem just and necessary.

Respectfully Submitted,

ELECTROPLATED METAL SOLUTIONS, INC.

By: /s/ Richard J. Arendt

Richard J. Arendt
Law Office of Richard J. Arendt
640 N. LaSalle St., Suite 270
Chicago, IL 60610-3783
(312) 642-9606
Atty.No. 0064823

8

## EXHIBIT A

### The Machinery

1.  One (1) Maintech triple roll pre-heater, model THP 24, s/n 079
2.  One (1) Dupont - Riston auto cut sheet laminator, model ASL 24, s/n 193
3.  One (1) Douhitt exposure system, model Taurus 5KW, with Technica Techni, tool glass tooling and spare standard drawer 5,000 watt, double drawer 25 x 30, A/C 208/240 V
4.  One (1) panel accumulator
5.  One (1) light table 3' x 5'
6.  One (1) light table 60" x 40"
7.  Two (2) light tables 3' x 5'
8.  Glunz-Jensen silver film processor, model Multiline 28, s/n 901896153, with silver recover and water cycle
9.  Three (3) Peak inspection scopes
10. One (1) X-Rite densitometer
11. One (1) 24" x 24" paper cutter
12. One (1) film punch

# *Two Brothers Trucking, Inc.*

**INVOICE No.**
101793

PHONE: 888-842-2787
MC408201B

7567 Amador Valley Blvd · Suite 301
Dublin, CA 94568

| SHIPPING DATE | 07/06/2006 | BILLING DATE | 07/07/2006 | PO # | | B/L # | |

SHIPPER-ORIGIN
L 1) Velie Circuit Company – Costa
    Mesa, CA 07/06/2006

CONSIGNEE - DESTINATION
U 2) E M F, Inc. – Elk Grove Village,
    IL 07/07/2006

CUSTOMER BILL TO

    E M F, Inc.
    165 King Street
    Elk Grove Village, IL 60007

| | | | | | |
|---|---|---|---|---|---|
| Line Haul | | 2500.00 | | FLAT RATE | 2295.00 |
| DRIVER TO PICK-UP CHECK AT DELIVERY MADE PAYABLE TO TWO BROS TRUCKING INC FOR $2295.00 | | | | | |
| ATTN: NIKITA/ IGOR | | | | | |

**THIS INVOICE DUE AND PAYABLE UPON RECEIPT**
A periodic interest rate of 1.5% per month
(18% per year) will be imposed on any past due balances.

**TOTAL** | 2295.00

**CUSTOMER:**

[10876]
E M F, Inc.
165 King Street
Elk Grove Village, IL 60007
Phone # 847-718-1142
Fax   # 847-718-1149

---- PLEASE RETURN THIS PORTION WITH YOUR PAYMENT ----

| LOAD NUMBER: | 101793 |
| INVOICE NUMBER: | 101793 |
| AMOUNT DUE: | 2295.00 |

**MAIL PAYMENT TO:**

Two Brothers Trucking, Inc.
7567 Amador Valley Blvd
Suite 301
Dublin, CA 94568

| CREDIT TAKEN: | _____ |
| DATE PAID: | _____ |
| AMOUNT PAID: | _____ |





129 E. COLORADO BLVD
MONROVIA, CA 91016

**RIGGERS**

(626) 446-8177
FAX (626) 445-4355

June 30, 2006                                    **BID LETTER**

Mr. Egor Shkarovsky                          Fax: 847-718-1149
EMF Inc.
165 King Street
Elk Grove Village, IL 60007

Subject: **Preparing and Loading of Equipment**

Dear Mr. Shkarovsky:

The following bid pertains to preparing and loading of equipment listed below. Our bid is $1,400.00. Amount is to be paid via wire transfer prior to July 3rd 2006. A purchase order is required, please fax to 626-445-4355 as soon as possible to schedule the project.

Description of items and work detail:
    Lot # 10 – Pre Heater, skid and load
    Lot # 11 – Laminator, skid and load
    Lot # 14 – Exposure Unit, skid and load
    Lot # 65 – Accumulator, load
    Lot # 85 – Light table, load
    Lot # 87 – Light table, load
    Lot # 89 – Light table, load
    Lot # 91 – Film Processor, match mark and load
    Lot # 98 – Scope, bubble wrap, box and load
    Lot # 99 – Box, load

Your equipment carrier is Two Brothers Trucking, with a van truck with wood floors. Please see attached invoice for transfer information.

Regards,

Lisa Larrazolo



TOTAL P.01



**RIGGERS**

129 E. Colorado Blvd. • Monrovia, CA 91016
phone: (626) 446-8177 • fax: (626) 445-4355

## WORK ORDER

| | |
|---|---|
| Today's Date | 7-6-06 |
| Date of Project | 7-6-06 |
| PO# | |
| Time at Yard | 6:00 |
| Time Left Yard | 6:10 |
| Time at Job Site | 8:00 Am |
| Time Job Completed | 2:30p |
| Time back at Yard | 4:30p |

**From:** Ville Circuit Co
1267 Logan Ave.
Costa Mesa, CA
Contact John (Owner Architect)
Phone # (115) 205-1495 Cellular #
Fax #
Signature X John Amkers RWD

**To:** Emf Inc
165 King St
Elk Grove, IL
Contact Egor Snkarovsky
Phone # 847 718-8808 Cellular #
Fax # mielec Express Inc Anxke
Signature

Doors 3 X X 11   Dock ___   (Ground)   Doors ___   Dock ___   Ground

| | Qty: BID #1065 | Description | Dimensions | | | Weight |
|---|---|---|---|---|---|---|
| | | | W | L | H | |
| ☐ Anchor Equip. | | Lot #10 Prelyrester | 4' | 3 | 5 | 300 |
| ☐ Crate Equip. | 11 | Laminator | 3' | 3' | 4' | 300 |
| ☑ Disassemble | 14 | Exposure Unit | 6' | 6' | 6' | 1500 |
| ☐ Installation | 65 | Columnator | 2' | 3' | 3' | 100 |
| ☐ Level Equip. | 8B | | 5' | 3' | 3' | 100 |
| ☑ Load Linetruck | 87 | Light table | | | | |
| ☐ Reassembly | 84 | | | | | |
| ☐ Relocation | 41 | Film Processor | 4' | 3' | 3' | 200 |
| ☐ Set in Place | 95 | Scope | 2 | 3 | 3 | 100 |
| ☐ Transport Only | 44 | | 1' | 1' | 6" | 25 |
| ☐ Unload Linetruck | | | | | | |
| ☑ Work on Premises | | hammer, nails block & brace | | | | |
| ☐ ___ | | Notes: 3 Brothers Trucking to be locked at ILCC AM invu | | | | |
| ☐ ___ | | pallets (3) Shrink wrap | | | | |

### Equipment Required

| | | | | |
|---|---|---|---|---|
| ☐ Anchor Bolts ___ | ☐ Cutting Torch ___ | ☐ Hard Hats ___ | ☐ Permit ___ | ☐ Spreader Bar Trailer ___ |
| ☑ Blocks block + brace | ☑ Dollies ___ | ☐ Hyster ___ | ☐ Plywood ___ | ☑ Tools prei bar |
| ☐ Booms ___ | ☐ big ☑ small | ☑ Jacks ___ | ☑ Rigging truck | ☑ Tractor ___ |
| ☐ Counter Weights ___ | ☐ Extensions ___ | ☐ Level ___ | ☐ Rollers ___ | ☑ Trailer TK |
| ☐ Crane ___ | ☑ Forklift 5X small | ☐ Man Lift ___ | ☐ Skids ___ | ☐ Welding Machine ___ |
| ☐ Crazy Dollies ___ | ☐ Gantry ___ | ☐ Mice ___ | ☐ Slings ___ | ☐ Misc match mat K |

| Labor | | hrs. | rate | amt. |
|---|---|---|---|---|
| Driver Don | | | | |
| Driver Luke | | | | |
| | | | | |
| | C.O.D. | | | |
| ☑ Bid ☐ T&M | Total: | | | |

Salesperson Liff + Darrell

**Bill To:** Emf
165 King St.
Elk Grove, IL 60007
Signature ___
Contact Egor
Phone # 847 718-8808 Cellular #
Fax # 847 718-1149

JUL-18-2006 11:49

P.01/01